# EXHIBIT A

1   JUANA GOMEZ
2   RAFAEL SANTANA
    7059 Saint Clair Ave.
3   North Hollywood, CA 91605
    Phone (818)579- 6369
4   Fax    (818)576-8962
5
6   Plaintiffs in Pro-Per
7

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

**OCT 15 2018**

Sherri R. Carter, Executive Officer/Clerk
BY _____, Deputy
MELODY SCOTT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JUANA GOMEZ, an individual; and RAFAEL SANTA ANA, an individual, <br><br> PLAINTIFFS, <br><br> vs. <br><br> WELLS FARGO BANK, N.A. ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; and DOES 1-20, INCLUSIVE, <br><br> DEFENDANTS. | **Case No. 18BBCV00021** <br><br> **PLAINTIFFS' VERIFY COMPLAINT FOR:** <br><br> **(1) NEGLIGENCE** <br> **(2) FRAUD** <br> **(3) WRONGFUL FORECLOSURE** <br><br> **UNLIMITED JURISDICTION, DEMAND AMOUNT EXCEEDS $25,000.00** <br><br> **DEMAND FOR A JURY TRIAL** |

       COMES NOW Plaintiff JUANA GOMEZ and Plaintiff RAFAEL SANTA ANA

for causes of action against Defendants complains and alleges as follows:

### JURISDICTION AND VENUE

     1.     Plaintiff JUANA GOMEZ ("Gomez") and Plaintiff RAFAEL SANTA

ANA ("Santa Ana"), (herein referred to collectively as "Plaintiffs") reside in the County of Los Angeles.

2.      This Court has subject matter jurisdiction because the dispute arises over real property that is located in Los Angeles County located 7059 Saint Clair Ave., North Hollywood, CA 91605-5650.

3.      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank which conducts business in California.

4.      "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiffs' Title, Or Any Cloud On Plaintiffs' Title Thereto" are sued herein pursuant to California Code of Civil Procedure Section 762.020(a).

5.      Plaintiffs does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiffs are informed and believe and based on such information and never belief that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiffs will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

6.      Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and

1    severally liable for the claims set forth herein, except as otherwise alleged.

2                          **GENERAL ALLEGATIONS**

3        7.      Plaintiffs purchased the property located at 7059 Saint Claire Ave. North

4    Hollywood, CA 91605 ("Property") on approximately February 27, 1997 for the sum of

5

6    one hundred eighty-five thousand, Nine hundred thirty three dollars and seventy three

7    cents ($185,933.73) recorded under instrument number 06-2150786.

8        8.      Plaintiffs were making their mortgage payments timely to date. On

9    September 27, 2006, Gomez acquired a line of credit through Wells Fargo in the sum of

10   approximately one hundred and seventy five thousand dollars ($175,000.00), to make

11

12   improvements on the property.

13       9.      The monthly payments are approximately Six hundred and fifty dollars

14   ($650.00) per month. During 2013, Gomez became very ill and contracted Esperanto

15

16   Translating & Interpreting, Inc. ("Esperanto") to help her obtain a loan modification on

17   the equity line of credit.

18       10.     Wells Fargo gave Gomez the round around and Gomez finally had to sue

19   Wells Fargo for its conduct. Unfortunately, the lawsuit was dismissed via a demurrer

20

21   given to her lack of legal assistance and knowledge (she was in pro-per) and only had a

22   Spanish-English interpreter and financially unable to employed an attorney.

23       11.     After the above mentioned facts, Gomez again approached Wells Fargo,

24   through Esperanto, requesting that Wells Fargo provide Gomez with a new application

25

26   for a short sale of the Property. All documents requested by Wells Fargo were submitted

27   in a timely matter, including documents that had already been submitted for the short-

28

1    sale and/or loan modification application of the equity line of credit.

2        12.    The Plaintiffs have a first Deed of Trust with Wells Fargo with a balance of

3    Twenty five thousand, fifty five dollars and eighteen cents ($25,055.18). Plaintiffs'

4    monthly payment is $1,339.89. The Plaintiffs husband and wife are over 73 years of age

5    and this Property is the only asset they have for their retirement. The Property is valued

6

7    at approximately Six hundred and fifty thousand dollars ($750,000.00).

8        13.    The approximate total balance owed by the Plaintiffs to Wells Fargo is the

9    first Deed of Trust ($25,055.18) and the equity line of credit ($175,000.00), totaling

10   $200,055.00. The Plaintiffs have been in the short-sale process with Wells Fargo for the

11   last six years and six months and has provided all the documentation requested. Wells

12

13   Fargo assured Gomez that everything was under control.

14       14.    On July 30, 2018, Gomez contacted Wells Fargo to request the status of the

15   short sale. Wells Fargo instructed Gomez to call the foreclosure trustee's office and ask

16   them for the information. Gomez called the foreclosure trustee and was told that a

17   foreclosure sale of the Property was schedule for July 31, 2018 at 3:00 p.m.

18

19       15.    Gomez never received a trustee sale notice either by mail or personal

20   service.

21

22       16.    Gomez went to file a Chapter 13 bankruptcy on July 31, 2018 (Case No.

23   18-11916-MB), at approximately 9:30 a.m. The documents were accepted but not filed

24   by the Court until 2:30 p.m. Gomez called the foreclosure trustee at 2:35 p.m. and

25   provides them with the BK-case number. Gomez called the foreclosure trustee again at

26

27   approximately 3:30 p.m., and was told that the Trustee sale took place at 10:00 a.m.

28

1    a.m. Gomez paid the mortgage for the months of July, August and September 2018 to

2    Wells Fargo, and she was never told that the property was foreclose.

3        17.    Gomez was shocked. On August 15, 2018, Gomez went to Wells Fargo

4
     and as usual made the payment for her mortgage, Wells Fargo took the payment and said
5
6    that everything was fine and no foreclosure had taken place.

7        18.    Wells Fargo has been acting in bad faith as the bank has been accepting

8    payments subsequent to foreclosure for the first loan for August and September of 2018,

9
     when in fact Wells Fargo Bank had to be aware that the property was illegally
10
11   foreclosed. (Exhibit "2").

12       19.    The Plaintiff are seeking to get the property back in their name, or, in the

13   alternative, the equity of Five hundred and fifty thousand dollars ($550,000.00), plus

14
     costs, damages and emotional distress. (Exhibit "3"Appraisal).
15

16                              **FIRST CAUSE OF ACTION**

17                                     **NEGLIGENCE**

18                            **(AGAINST ALL DEFENDANTS)**

19       20.    Plaintiffs incorporate herein by reference the allegations made in

20   paragraphs 1 through 17, inclusive, as though fully set forth herein.

21       21.    Defendants failed to use reasonable skill and care in that Defendants gave

22   the Plaintiffs the false impression that a short sale of the Property was going to be

23
     conducted, when, in fact, the Property was going to be sold at a foreclosure sale.
24

25       22.    Defendants' negligence includes giving the Plaintiffs the wrong

26   information regarding the status of the Property and in handling the short sale paperwork

27   pertaining to the Property.                                    .

28

23.    Plaintiffs are informed and believe, and on the basis of that information and belief allege, that had Defendants used proper skill and care in the handling the short sale with Plaintiffs, the Property would not have been sold at a foreclosure sale.

24.    As a proximate result of Defendants breach, Plaintiffs have suffered, and will continue to suffer, consequential damages in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## FRAUD
## (AGAINST ALL DEFENDANTS)

25.    Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.    Defendants represented to Plaintiff that a short sale of the Property would take place.

27.    Defendants failed to disclose to Plaintiff that they never intended to allow a short sale.

28.    The representations of Defendants were false and fraudulent. Defendants intentionally made the representations as part of their pattern and practice to deceive the Plaintiffs into relying to their detriment. Plaintiffs justifiably relied on the oral representations of Defendants.

29.    Had the Plaintiffs known that the representations were in fact false, they would have never allowed the Property to be sold at foreclosure.

30.    As a proximate result of Defendant's fraudulent misrepresentations, Plaintiff suffered great emotional distress.

31.     Accordingly, as a result of Defendant's fraudulent conduct, Plaintiff has suffered, and will continue to suffer, compensatory, general and special damages in an amount according to proof.

## THIRD CAUSE OF ACTION
## WRONGFUL FORECLOSURE
## (AGAINST ALL DEFENDANTS)

32.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     The Foreclosing Defendants violated California Civil Code §2923.5(a), which requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower or person by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure".

34.     Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

35.     None of the Foreclosing Defendants contacted Plaintiffs to discuss their financial situation. Moreover, none of the Foreclosing Defendants explored options with Plaintiffs to avoid foreclosure.

36.     Additionally, none of the Foreclosing Defendants informed Plaintiffs of the right to have a meeting within 14 days of said contact. Instead, Defendants deceived the

Plaintiffs by informing them that a short sale for the Property was going to take place. Accordingly, the Foreclosing Defendants did not fulfill their legal obligation to Plaintiffs.

37. Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of the Subject Property in that the Foreclosing Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with Civil Code §§ 2923.5 and 2923.6.

38. As a result of the above alleged wrongs, Plaintiffs have suffered general and special damages in an amount to be determined at trial.

39. GOMEZ and her husband RAFAEL SANTANA are retired citizens over 73 of age and currently devastated with this situation, and had and continued to suffer major emotional distress, since they are confronting unfair EVICTION proceeding out of their property.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against the Defendants and each of them, jointly and severally, as follows:

1. For a declaration of the rights and duties of the parties, specifically that the foreclosure of Plaintiffs' residence was wrongful.

2. For issuance of an Order canceling all Trustee's Deed Upon Sale.

3. To vacate the Trustee's Deed.

4. To vacate and set aside the foreclosure sale.

5. To quiet title in favor of Plaintiff and against Defendants.

6.  For compensatory, special, general and punitive damages according to proof against all Defendants.

7.  Pursuant to Business and Professions Code § 17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of § 17200, including, but not limited to, the violations alleged herein.

8.  For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorneys fees according to proof.

9.  For reasonable costs of suit and such other and further relief as the Court deems proper.

10. For unfair unlawful detainer.

DATED: October 10, 2018

By: _Juana Gomez_
JUANA GOMEZ
In Pro Per

By: _Rafael Santana_
RAFAEL SANTANA
In Pro Per

EXHIBIT "1"

**FILED**

JUL 3 1 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

Fill in this information to identify your case:

United States Bankruptcy Court for the:

**Central District of California**
                              (State)

Case number (If known): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

**FILED**

JUL 3 1 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy                12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

---

### Part 1:  Identify Yourself

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **1.** | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **JUANA**<br>First name<br><br>**GOMEZ**<br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – _8_ _6_ _3_ _6_<br>OR<br>9 XX – XX – ___ ___ ___ ___ | XXX – XX – ___ ___ ___ ___<br>OR<br>9 XX – XX – ___ ___ ___ ___ |

EXHIBIT "2"

Wells Fargo Bank
Transaction  Receipt

Branch #0000705 13   Mortgage Payment

Account Number        XXXXXXXXX9497
00528  MR

Cash In                $700.00
  Loose Currency
  $100              $400.00
  $20               $300.00
     Sub Total      $700.00

Number of checks              1

Total Payment       $1,400.00

Transaction # 028 0035
03:40PM R 08/15/18 Credited: 08/15/18

Your payment will be credited today
and reflected on your account the next
business day. Please retain receipt as
verification.

Thank you for your business.

Enjoy the convenience of

scheduling appointments online at

wellsfargo.com/appointments

Thank you, RICHARD

```
              Wells Fargo Bank
           Transaction  Receipt


   Branch #0000705 5   Mortgage Payment


   Account Number        XXXXXXXXX9497
   00528  MR

   Cash In                    $700.00
     Loose Currency
     $100             $700.00
       Sub Total      $700.00


   Number of checks                 1


   Total Payment         $1,400.00


   Transaction # 006 0011
   09:18AM   09/14/18 Credited: 09/14/18

   Your payment will be credited today
   and reflected on your account the next
   business day. Please retain receipt as
   verification.


   Thank you for your business.

   Enjoy the convenience of

   scheduling appointments online at

   wellsfargo.com/appointments



   Thank you, JAZMINE
```



**WELLS FARGO HOME MORTGAGE**

Return Mail Operations
PO Box 14411
Des Moines IA 50306-3411

Page 1 of 3

| | |
|---|---|
| Statement date | 08/21/18 |
| Loan number | 0546779497 |
| Payment date | 09/15/18 |
| **Total payment amount** | **$1,339.89** |

**If you are in an active bankruptcy case or have received a discharge under the United States Bankruptcy Code, this statement is being sent to you for informational purposes only. If you want to stop receiving statements, please write to us at the correspondence address listed on the statement.**

DCSF1TDTCC  017519DCSF1T00000011088708
 իկիկիկիկիկկիկկնիկնիկիկիկնիկնիկիկիկիկիկ
JUANA GOMEZ
7059 SAINT CLAIR AVE
NORTH HOLLYWOOD, CA 91605-5650

Property address

7059 SAINT CLAIR AVE
NORTH HOLLYWOOD, CA 91605

Customer Service

Online
wellsfargo.com

Telephone*
1-800-274-7025

Correspondence
PO Box 10335
Des Moines IA 50306

Fax
1-866-278-1179

Payments
PO Box 14507
Des Moines IA 50306

Hours of operation
Mon - Fri 7 a.m. - 7 p.m. CT

*We accept telecommunications relay service calls.

## Explanation of payment amount
### (Post-petition payment)

| | |
|---|---|
| Principal | $1,191.14 |
| Interest | $148.75 |
| Current payment [2] 09/15/18 | $1,339.89 |
| **Total payment amount [2]** | **$1,339.89** |

[2] The information in this section reflects post-petition payment amounts under the bankruptcy plan.

## Account summary

| | |
|---|---|
| Unpaid principal balance *(This is not a payoff amount.)* | $25,055.18 |
| Unapplied funds balance | $240.44 |
| Interest rate | 6.990% |
| Per diem [1] | $4.99 |
| Maturity date (month/year) | 08/20 |

## Past payments breakdown

| | Since last statement | Year-to-date |
|---|---|---|
| Total received* | $1,400.00 | $10,960.13 |
| Principal | $999.89 | $9,542.02 |
| Interest** | $159.67 | $1,418.11 |

*This total may include the Unapplied funds balance from the Account summary section.
**This information should not be used for tax purposes. If you have tax related questions, please consult your tax advisor.

## Informational messages

If the bankruptcy plan requires you to make post-petition payments directly to the trustee do not send payments to us. Instead, send the payments to the trustee.

This statement may not show recent payments sent to the trustee that the trustee has not yet forwarded to us. Please contact your attorney or the trustee if you have questions.

If there is a trial plan for a loan modification, the Explanation of payment amount will continue to reflect the post-petition payment amount until the loan has been permanently modified.

If a debtor in a bankruptcy case is attempting to cramdown or modify the mortgage lien, the amounts on the statement will continue to reflect the post-petition amounts until the bankruptcy court enters a final order and any system adjustments are completed. Once system adjustments have been completed, the amounts on the statement, such as amounts in the Explanation of payment amount and Account summary sections, will reflect the terms of the final order. This may take up to two billing cycles following the entry of a final order.

If a debtor in a bankruptcy case is attempting to remove or strip the mortgage lien as part of a bankruptcy case, the amounts on the statement will continue to reflect the post-petition amounts until the discharge order is entered.

## Activity since your last statement

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 08/15 | Payment | | $999.89 | $159.67 | | Unapplied -$1,159.56 |
| 08/15 | Funds Received | $1,400.00 | | | | Unapplied $1,400.00 |

## Important messages

[1] This is a daily simple interest loan where interest is calculated daily on the outstanding balance. Normally, a portion of each payment made will be applied to interest and a portion to principal. Because interest accrues daily, the amount of each portion will vary, in part, on the number of days since the last payment date. Consistently making a regular monthly payment by the payment date may result in less interest paid over the life of the loan. If this statement shows an interest short amount (i.e. accrued but unpaid interest), the previous payment(s)/credit(s) did not cover all of the interest that has accrued since the date of the last payment.

| **FW-003** | Order on Court Fee Waiver (Superior Court) | Clerk stamps date here when form is filed. |
|---|---|---|

**①** **Person who asked the court to waive court fees:**

Name: Juana Gomez

Street or mailing address: 7059 Saint Clair Ave.

City: North Hollywood     State: CA     Zip: 91605

**②** **Lawyer, if person in ① has one** *(name, address, phone number, e-mail, and State Bar number):*

*Fill in court name and street address:*

**Superior Court of California, County of**
Los Angeles
111 N. Hill Street
Los Angeles, CA 90012

**③** A request to waive court fees was filed on *(date):* 10/11/2018

☐ The court made a previous fee waiver order in this case  on *(date):*

*Fill in case number and name:*

**Case Number:**

*Read this form carefully. All checked boxes ☑ are court orders.*

**Case Name:**
Gomez v. Wells Fargo, et, al

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**④** After reviewing your:     ☐ *Request to Waive Court Fees*     ☐ *Request to Waive Additional Court Fees*
*the court makes the following orders:*

a. ☐ The court **grants** your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff 's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court
- Reporter's fee for attendance at hearing or trial, if reporter provided by the court
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other  *(specify):*
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003**, Page 1 of 2

Your name: Gomez v. Wells Fargo Bank, et al

**Case Number:**

b. ☐ The court **denies** your fee waiver request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

_____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court),* form FW-006. You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c. below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):*

_____

_____

☐ Bring the following proof to support your request if reasonably available:

_____

Name and address of court if different from above:

**Hearing Date** → Date: _____ Time: _____

Dept.: _____ Room: _____

_____

_____

_____

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: _____   *Signature of (check one):*   ☐ Judicial Officer   ☐ Clerk, Deputy

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation,* Form MC-410. (Civil Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*   ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California on the date below.

Date: _____   Clerk, by _____ , Deputy

**This is a Court Order.**

# EXHIBIT "3"

**RECORDING REQUESTED BY:**    )
JUANA GOMEZ    )
7059 Saint Claire Ave.    )
North Hollywood, CA 91605    )
**AND WHEN RECORDED MAIL IT TO:**    )
7059 Saint Claire Ave.    )
North Hollywood, CA 91605    )

## LAWSUIT INVOLVING REAL PROPERTY FOR WRONGFUL FORECLOSURE

## PROPERTY LEGAL DESCRIPTION

Re: Lawsuit of Juana Gomez v. Wells Fargo Bank, et al

Property Address: 7059 Saint Claire Ave. North Hollywood, CA 91605

JUANA GOMEZ, A MMARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY,

RECODED: 9/27/200, AS Instrument No.: 06 2150798 of Official Records in the office of the

Recorder of LOS ANGELES County, California.

File No. AW13865

********* **INVOICE** *********

File Number: AW13865

Invoice Date: 9/28/2018

Juana Gomez
7059 Saint Clair Av
North Hollywood, CA 91605

Invoice # :          13865
Order Date :
Reference/Case # :
PO Number :

Property Address

7059 Saint Clair Av
North Hollywood, CA 91605

| | | |
|---|---|---|
| Appraisal Report | $ | 400.00 |
| | $ | |
| Invoice Total | $ | 400.00 |
| State Sales Tax @ | $ | 0.00 |
| Deposit | ($ | 400.00 ) |
| Deposit | ($ | ) |
| Amount Due | $ | 0.00 |

Terms:  Net

Please Make Check Payable To:

M Tobias
10201 Mason Ave #49
Chatsworth, CA 91311

Fed. I.D. #:

                              THANK YOU

### Residential Appraisal Report

File No. AW13865

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

**PURPOSE**

Client Name/Intended User  Juana Gomez

E-mail  amparo91311@yahoo.com

Client Address  7059 Saint Clair Av

City  North Hollywood          State  CA      Zip  91605

Additional Intended User(s)  Courts          County  Los Angeles

Intended Use  Litigation

**SUBJECT**

Property Address  7059 Saint Clair Av          City  North Hollywood          State  CA      Zip  91605

Owner of Public Record  B2A PROPERTIES LLC          County  Los Angeles

Legal Description Lot: 10  Tract No: 20683  Abbreviated Description: LOT:10 TR#:20683 TR=20683*(EX OF ST) LOT 10

Assessor's Parcel #  2321-002-054          Tax Year  2016          R.E. Taxes $ 3,365.00

Neighborhood Name  North Hollywood          Map Reference 532 F5          Census Tract 1233.01

Property Rights Appraised  [X] Fee Simple     [ ] Leasehold     [ ] Other (describe)

My research [X] did [ ] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer:  Date  8/16/2018          Price  $376,500          Source(s)  Title Doc #18-0829414

**SALES HISTORY**

Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable)  Subject was not listed on the MLS. Sale price determined from title public records showing a sale through Trustee's Deed.

Offerings, options and contracts as of the effective date of the appraisal          None

**NEIGHBORHOOD**

| Neighborhood Characteristics | | | | One-Unit Housing Trends | | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban [X] Suburban [ ] Rural | | | Property Values | [ ] Increasing | [X] Stable | [ ] Declining | PRICE | AGE | One-Unit | 94 % |
| Built-Up | [X] Over 75% [ ] 25-75% [ ] Under 25% | | | Demand/Supply | [ ] Shortage | [X] In Balance | [ ] Over Supply | $(000) | (yrs) | 2-4 Unit | 0 % |
| Growth | [ ] Rapid [X] Stable [ ] Slow | | | Marketing Time | [X] Under 3 mths | [ ] 3-6 mths | [ ] Over 6 mths | 425 Low | 1 | Multi-Family | 5 % |
| Neighborhood Boundaries  Roscoe Blvd to North, Tujunga Av to East, Vanowen St to South, | | | | | | | | 887 High | 94 | Commercial | 1 % |
| Tujunga Wash to West. | | | | | | | | 602 Pred. | 63 | Other | 0 % |

Neighborhood Description  Residential neighborhood on level topography consisting predominantly of detached tract SFRs of average quality built in the 1950s. Schools, parks and amenities within the neighborhood. Metrolink and 405 freeway, running through the neighborhood, allows access to amenity and employment centers throughout Los Angeles County.

Market Conditions (including support for the above conclusions)  One Unit Housing TRENDS shown above are a micro representation of prices for COMPARABLE homes in the neighborhood, as does the 1004MC. PRICES and AGE above represent ALL homes in the neighborhood. Subject size and bedroom count and view places it above the predominant price.

**SITE**

Dimensions  See Plat Map          Area 6820          Shape Rectangle          View Residential Street

Specific Zoning Classification  LAR1          Zoning Description  Residential

Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes [ ] No  If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street  Paved | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley  None | | |

Site Comments  Site is on a level corner facing a residential street. There is no apparent adverse easements or encroachment noted by appraiser.

**IMPROVEMENTS**

| GENERAL DESCRIPTION | | FOUNDATION | | EXTERIOR DESCRIPTION | materials | INTERIOR | materials |
|---|---|---|---|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit | | [ ] Concrete Slab [X] Crawl Space | | Foundation Walls | CC Blk/Avg | Floors | Hw, Tile/Avg |
| # of Stories  1 | | [ ] Full Basement [ ] Partial Basement | | Exterior Walls | Stucco/Above Avg | Walls | Drywall/Avg |
| Type [X] Det. [ ] Att. [ ] S-Det./End Unit | | Basement Area | 0 sq. ft. | Roof Surface | Comp/Avg | Trim/Finish | Paint/Avg |
| [X] Existing [ ] Proposed [ ] Under Const. | | Basement Finish | 0 % | Gutters & Downspouts | None | Bath Floor | Tile/Avg |
| Design (Style)  Traditional | | [ ] Outside Entry/Exit [ ] Sump Pump | | Window Type | DP/Avg | Bath Wainscot | Tile/Avg |
| Year Built  1955 | | | | Storm Sash/Insulated | NA | Car Storage | [ ] None |
| Effective Age (Yrs)  30 | | | | Screens | Screens/Avg | [X] Driveway | # of Cars  2 |
| Attic | [ ] None | Heating [X] FWA [ ] HW | [ ] Radiant | Amenities | [ ] WoodStove(s) # | Driveway Surface CC | |
| [ ] Drop Stair | [ ] Stairs | [ ] Other | Fuel  Gas | [X] Fireplace(s) # 1 | [X] Fence  Blk | [ ] Garage | # of Cars |
| [ ] Floor | [X] Scuttle | Cooling [X] Central Air Conditioning | | [X] Patio/Deck  CC | [ ] Porch | [X] Carport | # of Cars  2 |
| [ ] Finished | [ ] Heated | [ ] Individual | [ ] Other | [ ] Pool | [ ] Other | [ ] Att. | [ ] Det. [ ] Built-in |
| Appliances [ ] Refrigerator [X] Range/Oven [X] Dishwasher [X] Disposal [ ] Microwave [ ] Washer/Dryer [ ] Other (describe) | | | | | | | |

Finished area above grade contains:  8 Rooms          4 Bedrooms          3 Bath(s)          2,336 Square Feet of Gross Living Area Above Grade

Additional Features  Subject shows a 2nd kitchen off the original family room. Per owner the 2nd kitchen is not permitted.

Comments on the Improvements  Subject shows recent updates in kitchen #1 and baths including tile flooring, hardwood cabinetry and granite counters. Other features include comp roof dual pane windows, repainted exterior stucco, tile flooring in kitchen and family room, refinished hardwood flooring in remaining living area, updated appliances in both kitchens including hardwood cabinetry, tile counter in kitchen 1 and Corian counter in kitchen #2. Central AC unit has recently been replaced and an additional wall unit is in the family room. Subject is well maintained. Although kitchen #2 is not permitted, the conversion did not change the GLA and because it is the opinion of this appraiser that the typical buyer would not reduce the price he/she would willing to be paid, therefore there is no adjustment.



## Residential Appraisal Report

File No. AW13865

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 7059 Saint Clair Av | 13006 Hartland St | | 6845 Ethel Ave | | 8130 Coldwater Canyon Ave | |
| Address | North Hollywood, CA91605 | North Hollywood, CA91605 | | North Hollywood, CA91605 | | North Hollywood, CA91606 | |
| Proximity to Subject | | 0.97 miles SW | | 1.09 miles SW | | 1.57 miles NW | |
| Sale Price | $ | | $ 715,000 | | $ 775,000 | | $ 825,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 337.26 sq. ft. | | $ 382.72 sq. ft. | | $ 323.53 sq. ft. | |
| Data Source(s) | | CRMLS #BB18066839, DOM 48 | | CRMLS #SR17221104 DOM 131 | | CRMLS #SR18108856, DOM16 | |
| Verification Source(s) | | Doc #602426 APN 2327-025-002 | | Doc#378584 APN 2327-007-125 | | Doc #591855 APN 2305-006-029 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | Conv | | Conv | | Conv | |
| Concessions | | 0 | | 0 | | 0 | |
| Date of Sale/Time | | s06/18,c06/18 | | s04/18,c11/17 | 0 | s06/18,c05/18 | |
| Location | Residential | Residential | | Residential | | Residential | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 6820 | 6594 | 0 | 7125 | 0 | 10024 | -9,600 |
| View | Residential Street | Residential Street | | Residential Street | | Residential Street | |
| Design (Style) | Traditional | Traditional | | Traditional | | Traditional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 63 | 55 | 0 | 57 | | 72 | 0 |
| Condition | Average | Average | | Very Good | -75,000 | Very Good | -80,000 |
| Above Grade | Total 8 Bdrms 4 Baths 3 | Total 7 Bdrms 4 Baths 2 | | Total 7 Bdrms 4 Baths 2 | | Total 7 Bdrms 4 Baths 3 | |
| Room Count | | | 10,000 | | 10,000 | | |
| Gross Living Area 55.00 | 2,336 sq. ft. | 2,120 sq. ft. | 11,900 | 2,025 sq. ft. | 17,100 | 2,550 sq. ft. | -11,800 |
| Basement & Finished | 0 | 0 | | 0 | | 0 | |
| Rooms Below Grade | 0 | 0 | | 0 | | 0 | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | FWA C/Air | | FWA C/Air | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2 Car Carport | 2 car garage | -10,000 | 2 car garage | -10,000 | None | 10,000 |
| Porch/Patio/Deck | Patio | Patio | | Patio | | Patio | |
| Pool | No Pool | Pool | -15,000 | No Pool | | Pool | -15,000 |
| Net Adjustment (Total) | | ☐+ ☒- $ | 3,100 | ☐+ ☒- $ | 57,900 | ☐+ ☒- $ | 106,400 |
| Adjusted Sale Price | | Net Adj. -0.4% | | Net Adj. -7.5% | | Net Adj. -12.9% | |
| of Comparables | | Gross Adj. 6.6% $ | 711,900 | Gross Adj. 14.5% $ | 717,100 | Gross Adj. 15.3% $ | 718,600 |

Summary of Sales Comparison Approach   Exterior inspection, MLS data/photos and paired sales analysis used to determine adjustments.The comparable chosen are all within the subject neighborhood and marketing area the typical buyer of the subject would consider. Comp 1 chosen as most proximate and similar. Comp 2 and 3 chosen to bracket GLA and pool amenity. Condition/materials of comp 2 and 3 considered superior to the subject.

### COST APPROACH TO VALUE

Site Value Comments

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE . . . . . . . . . . . . . . . . . . . . . = $ | | 0 |
|---|---|---|---|
| Source of cost data | Dwelling 2,336 Sq. Ft. @ $ . . . . . . . . . . . = $ | | |
| Quality rating from cost service        Effective date of cost data | Sq. Ft. @ $ . . . . . . . . . . . = $ | | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | |
| Not Developed | Garage/Carport Sq. Ft. @ $ . . . . . . . . . . . = $ | | 0 |
| | Total Estimate of Cost-New . . . . . . . . . . . = $ | | |
| | Less Physical Functional External | | |
| | Depreciation = $( | | 0) |
| | Depreciated Cost of Improvements. . . . . . . . . . . . . . . . . = $ | | 0 |
| | "As-is" Value of Site Improvements . . . . . . . . . . . = $ | | |
| | INDICATED VALUE BY COST APPROACH . . . . . . . . . . . . . . . . . . . . = $ | | 0 |

### INCOME APPROACH TO VALUE

Estimated Monthly Market Rent $ _____ X Gross Rent Multiplier _____ = $   Not Developed  Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)

Methods and techniques employed: ☒ Sales Comparison Approach   ☐ Cost Approach   ☐ Income Approach   ☐ Other:

Discussion of methods and techniques employed, including reason for excluding an approach to value.   Sales comparison approach considered. Cost approach not developed as not considered credible. Income approach not developed for owner occupied property.

Reconciliation comments:  Sales comparison approach considered best to determine what the typical buyer would pay for the subject if listed on the open market for sale.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report as of   09/28/2018 _____, which is the effective date of this appraisal, is:

☐ Single point $ _____   ☒ Range $ 650000 _____ to $ 715000 _____  ☐ Greater than  ☐ Less than  $ _____

This appraisal is made  ☒ "as is,"  ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,  ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed  ☐ subject to the following:

Produced using ACI software, 800.234.8727 www.aciweb.com   This form Copyright © 2005-2018 ACI, a First American Company. All Rights Reserved.
Page 2 of 4   (gPAR™) General Purpose Appraisal Report 1/2014
GPAR6244_14 073020US



MARVIN TOBIAS

## Residential Appraisal Report

File No. AW13865

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 7059 Saint Clair Av | 11924 Saticoy St | | | | | |
| | North Hollywood, CA91605 | North Hollywood, CA91605 | | | | | |
| Proximity to Subject | | 0.74 miles NE | | | | | |
| Sale Price | $ | | $ 589,000 | $ | | $ | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 285.92 sq. ft. | | $ sq. ft. | | $ 0.00 sq. ft. | |
| Data Source(s) | | CRMLS #SR18171719 DOM 72 | | | | | |
| Verification Source(s) | | Agent, APN 2317-012-017 | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | Listing | | | | | |
| Concessions | | 0 | | | | | |
| Date of Sale/Time | | Active Negotiation | 30,000 | | | | |
| Location | Residential | Residential | | | | | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | | | | |
| Site | 6820 | 8420 | 0 | | | | |
| View | Residential Street | Busy Street | 30,000 | | | | |
| Design (Style) | Traditional | Traditional | | | | | |
| Quality of Construction | Average | Average | | | | | |
| Actual Age | 63 | 58 | 0 | | | | |
| Condition | Average | Average | | | | | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 8 / 4 / 3 | 6 / 4 / 2 | 10,000 | | | | |
| Gross Living Area | 55.00   2,336 sq. ft. | 2,060 sq. ft. | 15,200 | sq. ft. | | sq. ft. | |
| Basement & Finished | 0 | 0 | | | | | |
| Rooms Below Grade | 0 | 0 | | | | | |
| Functional Utility | Average | Average | | | | | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | | | | |
| Energy Efficient Items | None | None | | | | | |
| Garage/Carport | 2 Car Carport | 2 car garage | -10,000 | | | | |
| Porch/Patio/Deck | Patio | Patio | | | | | |
| Pool | No Pool | No Pool | | | | | |
| Net Adjustment (Total) | | ☒ + ☐ - $ | 75,200 | ☒ + ☐ - $ | 0 | ☒ + ☐ - $ | 0 |
| Adjusted Sale Price | | Net Adj.   12.8% | | Net Adj.   0.0% | | Net Adj.   0.0% | |
| of Comparables | | Gross Adj.  16.2% $ | 664,200 | Gross Adj.   0.0% $ | 0 | Gross Adj.   0.0% $ | 0 |
| Summary of Sales Comparison Approach | | Comp 5 chosen to show current market. | | | | | |

SALES COMPARISON APPROACH

This form Copyright © 2005-2016 ACI, a First American Company. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report  1/2014
GPARGOU_14  07302016



**Residential Appraisal Report**                                     File No. AW13865

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to; the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar "expert", unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to; foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

**Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.**

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



## Market Conditions Addendum to the Appraisal Report

File No. AW13865

The purpose of this addendum is to provide the lender/client with a clear and accurate understanding of the market trends and conditions prevalent in the subject neighborhood. This is a required addendum for all appraisal reports with an effective date on or after April 1, 2009.

Property Address 7059 Saint Clair Av        City North Hollywood        State CA    Zip Code 91605

Borrower No Borrower

**Instructions:** The appraiser must use the information required on this form as the basis for his/her conclusions, and must provide support for those conclusions, regarding housing trends and overall market conditions as reported in the Neighborhood section of the appraisal report form. The appraiser must fill in all the information to the extent it is available and reliable and must provide analysis as indicated below. If any required data is unavailable or is considered unreliable, the appraiser must provide an explanation. It is recognized that not all data sources will be able to provide data for the shaded areas below; if it is available, however, the appraiser must include the data in the analysis. If data sources provide the required information as an average instead of the median, the appraiser should report the available figure and identify it as an average. Sales and listings must be properties that compete with the subject property, determined by applying the criteria that would be used by a prospective buyer of the subject property. The appraiser must explain any anomalies in the data, such as seasonal markets, new construction, foreclosures, etc.

| Inventory Analysis | Prior 7-12 Months | Prior 4-6 Months | Current – 3 Months | Overall Trend | | |
|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | 5 | 5 | 4 | Increasing | [X] Stable | Declining |
| Absorption Rate (Total Sales/Months) | 0.83 | 1.67 | 1.33 | Increasing | [X] Stable | Declining |
| Total # of Comparable Active Listings | 0 | 2 | 5 | Declining | [X] Stable | Increasing |
| Months of Housing Supply (Total Listings/Ab.Rate) | 0.00 | 1.20 | 3.76 | Declining | Stable | [X] Increasing |
| **Median Sale & List Price, DOM, Sale/List %** | Prior 7-12 Months | Prior 4-6 Months | Current – 3 Months | Overall Trend | | |
| Median Comparable Sale Price | 665,000 | 775,000 | 580,000 | Increasing | [X] Stable | Declining |
| Median Comparable Sales Days on Market | 15 | 48 | 17 | Declining | [X] Stable | Increasing |
| Median Comparable List Price | 0 | 584,475 | 794,750 | Increasing | [X] Stable | Declining |
| Median Comparable Listings Days on Market | 0 | 45 | 40 | Declining | Stable | [X] Increasing |
| Median Sale Price as % of List Price | 99.40% | 97.00% | 94.81% | Increasing | [X] Stable | Declining |
| Seller-(developer, builder, etc.)paid financial assistance prevalent? | Yes | [X] No | | Declining | Stable | Increasing |

Explain in detail the seller concessions trends for the past 12 months (e.g., seller contributions increased from 3% to 5%, increasing use of buydowns, closing costs, condo fees, options, etc.). Financing appears to be conventional 1st TDs with no sales containing apparent financing concessions, however up to 3 % credit for non recurring sales costs paid by seller is not atypical and has no effect on marketability.

Are foreclosure sales (REO sales) a factor in the market?  Yes  [X] No    If yes, explain (including the trends in listings and sales of foreclosed properties).

Cite data sources for above information. CRMLS listings of settled comparable provide data for comparable sales, DOM and list prices over a 1 year period.

Summarize the above information as support for your conclusions in the Neighborhood section of the appraisal report form. If you used any additional information, such as an analysis of pending sales and/or expired and withdrawn listings, to formulate your conclusions, provide both an explanation and support for your conclusions. The comparable search criteria consists of those detached SFR homes that are listed or have sold in the 12 months prior to the effective date of this report within the boundaries stated in the 91605 Zip Code, with GLA of 2000-2600 The data acquired shows values created through Fannie Mae 1004MC Statistics reports from the CRMLS. 5 currently active comparable is considered to be an under supplied market. 14 sales over the prior 12 months is not considered adequate to establish a trend and figures above may be influenced by most sales being in the high range or low range of GLA.

| If the subject is a unit in a condominium or cooperative project, complete the following: | | | Project Name: | | | |
|---|---|---|---|---|---|---|
| Subject Project Data | Prior 7-12 Months | Prior 4-6 Months | Current – 3 Months | Overall Trend | | |
| Total # of Comparable Sales (Settled) | | | | Increasing | Stable | Declining |
| Absorption Rate (Total Sales/Months) | | | | Increasing | Stable | Declining |
| Total # of Active Comparable Listings | | | | Declining | Stable | Increasing |
| Months of Unit Supply (Total Listings/Ab. Rate) | | | | Declining | Stable | Increasing |

Are foreclosure sales (REO sales) a factor in the project?  Yes  No    If yes, indicate the number of REO listings and explain the trends in listings and sales of foreclosed properties.

Summarize the above trends and address the impact on the subject unit and project.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name Marvin Tobias | Name |
| Company Name M Tobias | Company Name |
| Company Address 10201 Mason Ave #49 | Company Address |
| Chatsworth, CA 91311 | |
| State License/Certification # AR028181    State CA | State License/Certification #    State |
| Email Address mltobias@sbcglobal.net | Email Address |

## Residential Appraisal Report

File No. AW13865

**Appraiser's Certification**

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

Additional Certifications:

Definition of Value:   [X] Market Value    [ ] Other Value: _____

Source of Definition: Uniform Standards of Professional Appraisal Practice

The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and passing title from seller to buyer under conditions whereby:

1. Buyer and seller are typically motivated;
2. Both parties are well informed or well advised and acting in what they consider their best interests;
3. A reasonable time is allowed for reasonable exposure in the open market;
4. Payment is made in terms of cash in United States dollars or in terms of financial arrangements comparable thereto; and
5. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

ADDRESS OF THE PROPERTY APPRAISED:

7059 Saint Clair Av

North Hollywood, CA 91605

EFFECTIVE DATE OF THE APPRAISAL: 09/28/2018

APPRAISED VALUE OF THE SUBJECT PROPERTY $ _____

**APPRAISER**

Signature: _____

Name: Marvin Tobias

Company Name: M Tobias

Company Address: 10201 Mason Ave #49

Chatsworth, CA 91311

Telephone Number: 818-427-2414

Email Address: mltobias@sbcglobal.net

State Certification # AR028181

or License # _____

or Other (describe): _____  State #: _____

State: CA

Expiration Date of Certification or License: 07/10/2019

Date of Signature and Report: 09/29/2018

Date of Property Viewing: 9/28/2018

Degree of property viewing:

[X] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view

**SUPERVISORY APPRAISER**

Signature: _____

Name: _____

Company Name: _____

Company Address: _____

Telephone Number: _____

Email Address: _____

State Certification # _____

or License # _____

State: _____

Expiration Date of Certification or License: _____

Date of Signature: _____

Date of Property Viewing: _____

Degree of property viewing:

[ ] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view

This form Copyright © 2005-2016 ACI, a First American Company, All Rights Reserved.
(gPAP™) General Purpose Appraisal Report 1/2014
GPARSGL_14 9/30/2015



MARVIN TOBIAS

ADDENDUM

| Client: Juana Gomez | | File No.: AW13865 |
|---|---|---|
| Property Address: 7059 Saint Clair Av | | Case No.: |
| City: North Hollywood | State: CA | Zip: 91605 |

**Legal Description**

PROPERTY PROFILE

| Client:  Juana Gomez | File No.:  AW13865 |
|---|---|
| Property Address: 7059 Saint Clair Av | Case No.: |
| City: North Hollywood | State:  CA          Zip: 91605 |

9/26/2018                                          RealQuest.com ® - Report

## 7059 Saint Clair

### Owner Information
Owner Name:                    82A PROPERTIES LLC
Mailing Address:               PO BOX 517, AGOURA HILLS CA 91376-0517 B406
Vesting Codes:                 / / CO

### Location Information
| Legal Description: | TR=28683 (EX OF ST) LOT 10 | | |
|---|---|---|---|
| County: | LOS ANGELES, CA | APN: | 2321-002-054 |
| Census Tract / Block: | 1293.61 / 2 | Alternate APN: | |
| Township-Range-Sect: | | Subdivision: | 28683 |
| Legal Book/Page: | 589-44 | Map Reference: | 16-B4 / |
| Legal Lot: | 10 | Tract #: | 28683 |
| Legal Block: | | School District: | LOS ANGELES |
| Market Area: | NHO | School District Name: | LOS ANGELES |
| Neighbor Code: | | Munic/Township: | |

### Owner Transfer Information
| Recording/Sale Date: | 06/10/2018 / 07/31/2018 | Deed Type: | TRUSTEE'S DEED |
|---|---|---|---|
| Sale Price: | $376,500 | 1st Mtg Document #: | |
| Document #: | 829414 | | |

### Last Market Sale Information
| Recording/Sale Date: | 03/11/1997 / | 1st Mtg Amount/Type: | $147,229 / FHA |
|---|---|---|---|
| Sale Price: | $150,000 | 1st Mtg Int. Rate/Type: | / FIXED |
| Sale Type: | FULL | 1st Mtg Document #: | |
| Document #: | 361475 | 2nd Mtg Amount/Type: | / |
| Deed Type: | GRANT DEED | 2nd Mtg Int. Rate/Type: | / |
| Transfer Document #: | | Price Per SqFt: | $64.21 |
| New Construction: | | Multi/Split Sale: | |
| Title Company: | | | |
| Lender: | FIRST NAT'L FNDG GRP | | |
| Seller Name: | FEDERAL NATL MTG ASSN (FN | | |

### Prior Sale Information
| Prior Rec/Sale Date: | 13/03/1996 / | Prior Lender: | |
|---|---|---|---|
| Prior Sale Price: | $161,723 | Prior 1st Mtg Amt/Type: | / |
| Prior Doc Number: | 1041940 | Prior 1st Mtg Rate/Type: | / |
| Prior Deed Type: | TRUSTEE DEED | | |

### Property Characteristics
| Gross Area: | | Parking Type: | PARKING AVAIL. | Construction: | |
|---|---|---|---|---|---|
| Living Area: | 2,336 | Garage Area: | | Heat Type: | CENTRAL |
| Tot Adj Area: | | Garage Capacity: | 2 | Exterior wall: | STUCCO |
| Above Grade: | | Parking Spaces: | 2 | Porch Type: | |
| Total Rooms: | 1 | Basement Area: | | Patio Type: | PATIO |
| Bedrooms: | 4 | Finish Bsmnt Area: | | Pool: | |
| Bath(F/H): | 3 / | Basement Type: | | Air Cond: | CENTRAL |
| Year Built / Eff: | 1950 / 1962 | Roof Type: | | Style: | CONVENTIONAL |
| Fireplace: | Y / 2 | Foundation: | SLAB | Quality: | AVERAGE |
| # of Stories: | 1 | Roof Material: | COMPOSITION SHINGLE | Condition: | AVERAGE |
| Other Improvements: | Building Permit | | | | |

### Site Information
| Zoning: | LAR1 | Acres: | 0.15 | County Use: | SINGLE FAMILY RESID (0100) |
|---|---|---|---|---|---|
| Lot Area: | 6,620 | Lot Width/Depth: | x | State Use: | |
| Land Use: | SFR | Res/Comm Units: | 1 | Water Type: | PUBLIC |
| Site Influence: | CORNER | | | Sewer Type: | PUBLIC SERVICE |

### Tax Information
| Total Value: | $269,132 | | | | |
|---|---|---|---|---|---|
| Land Value: | $132,106 | Assessed Year: | 2017 | Property Tax: | $3,365.40 |
| Improvement Value: | $137,026 | Improved %: | 51% | Tax Area: | 13 |
| Total Taxable Value: | $262,132 | Tax Year: | 2017 | Tax Exemption: | |

http://pro.realquest.com/jsp/report.jsp?&client=&action=confirm&type=getreport&recordno=0&reportoptions=0&1536007273024=1536007273024

2/2

AERIAL MAP

| Client: Juana Gomez | | File No.: AW13865 |
| Property Address: 7059 Saint Clair Av | | Case No.: |
| City: North Hollywood | State: CA | Zip: 91605 |



Subject
7059 Saint Clair Av
North Hollywood, CA 91605

**FLOORPLAN SKETCH**

| Client: Juana Gomez | | File No.: AW13865 | |
|---|---|---|---|
| Property Address: 7059 Saint Clair Av | | Case No.: | |
| City: North Hollywood | State: CA | | Zip: 91605 |



| Living Area | | Area Calculation | | | | | |
|---|---|---|---|---|---|---|---|
| First | | 1336 ft² First | | | | | x 1.00 = 2336 ft² |
| | | | 40' x | 14' x | 1.00 = | 560 ft² |
| | | | 32 x | 38 6' x | 1.00 = | 1232 ft² |
| | | | 21 x | 24 6' x | 1.00 = | 614.5 ft² |
| | | | 4 x | 2 6' x | 1.00 = | 15 ft² |
| | | | 3 x | 8 6' x | 1.00 = | 19.5 ft² |
| Total Living Area (rounded): | 2336 ft² | | | | | |

**PLAT MAP**

| Client:   Juana Gomez | File No.:   AW13865 |
| Property Address: 7059 Saint Clair Av | Case No.: |
| City: North Hollywood | State: CA | Zip: 91605 |



FLOOD MAP

| Client: Juana Gomez | | File No.: AW13865 | |
|---|---|---|---|
| Property Address: 7059 Saint Clair Av | | Case No.: | |
| City: North Hollywood | State: CA | | Zip: 91605 |



Subject
7059 St Clair Ave
Los Angeles, CA 91605

FLOOD INFORMATION

LEGEND

Community: CITY OF LOS ANGELES
Property is NOT in a FEMA Special Flood Hazard Area
Map Number: 06037C1310F
Panel: 1310F
Zone: X
Map Date: 09-26-2008
FIPS: 06037
Source: FEMA DFIRM

Sky Flood™

SUBJECT PROPERTY PHOTO ADDENDUM

| Client: Juana Gomez | | File No.: AW13865 |
| Property Address: 7059 Saint Clair Av | | Case No.: |
| City: North Hollywood | State: CA | Zip: 91605 |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: September 28, 2018
Appraised Value: $



STREET SCENE

| Client: Juana Gomez | | File No.: AW13865 |
| Property Address: 7059 Saint Clair Av | | Case No.: |
| City: North Hollywood | State: CA | Zip: 91605 |



CARPORT



SIDE ELEVATION



SIDE ELEVATION



NEWER AC UNIT



REAR VIEW UNDER PATIO COVER



LAUNDRY



LIVING ROOM



DINING ROOM



KITCHEN #1



ALTERNATE VIEW OF KITCHEN #1



BEDROOM 1



BEDROOM 2



BEDROOM 3



BEDROOM 4



BATHROOM 1

| Client:  Juana Gomez | | File No.:   AW13865 | |
|---|---|---|---|
| Property Address: 7059 Saint Clair Av | | Case No.: | |
| City: North Hollywood | State: CA | | Zip: 91605 |



SHOWER IN BATHROOM 1



BATHROOM 2



BATHROOM 3



KITCHEN #2

COMPARABLE PROPERTY PHOTO ADDENDUM

| Client: Juana Gomez | | File No.: AW13865 |
|---|---|---|
| Property Address: 7059 Saint Clair Av | | Case No.: |
| City: North Hollywood | State: CA | Zip: 91605 |



**COMPARABLE SALE #1**

13006 Hartland St
North Hollywood, CA 91605
Sale Date: s06/18,c06/18
Sale Price: $ 715,000



**COMPARABLE SALE #2**

6845 Ethel Ave
North Hollywood, CA 91605
Sale Date: s04/18,c11/17
Sale Price: $ 775,000



COMPARABLE SALE #3

8130 Coldwater Canyon Ave
North Hollywood, CA 91605
Sale Date: s06/18,c05/18
Sale Price: $ 825,000

**COMPARABLE PROPERTY PHOTO ADDENDUM**

| Client:  Juana Gomez | | File No.:   AW13865 |
|---|---|---|
| Property Address: 7059 Saint Clair Av | | Case No.: |
| City: North Hollywood | State:  CA | Zip: 91605 |



**COMPARABLE SALE #4**

11924 Saticoy St
North Hollywood, CA91605
Sale Date:  Active Negotiation
Sale Price: $ 589,000

**COMPARABLE SALE #5**

Sale Date:
Sale Price: $

**COMPARABLE SALE #6**

Sale Date:
Sale Price: $

| Client:  Juana Gomez | | File No.:  AW13865 | |
| Property Address: 7059 Saint Clair Av | | Case No.: | |
| City:  North Hollywood | State:  CA | | Zip:  91605 |



Business, Consumer Services & Housing Agency

BUREAU OF REAL ESTATE APPRAISERS

REAL ESTATE APPRAISER LICENSE

Marvin L. Tobias

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title

"Certified Residential Real Estate Appraiser".

This license has been issued in accordance with the provisions of the Real Estate Appraisers Licensing and Certification Law

BREA APPRAISER IDENTIFICATION NUMBER    AR 028187

Effective Date:    July 11, 2017
Date of Issue:    July 10, 2019

Jim Martin, Bureau Chief, BREA

File No. AW13865

## APPRAISAL OF



### LOCATED AT:

7059 Saint Clair Av
North Hollywood, CA 91605

### CLIENT:

Juana Gomez
7059 Saint Clair Av
North Hollywood, CA, 91605

### AS OF:

September 28, 2018

### BY:

Marvin Tobias
California License #AR028181